UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALLSTATE INSURANCE CO., :
:
    Plaintiff, :
:
v. : Case No. 3:16-cv-284 (RNC)
:
MORRIS STATLENDER, :
:
    Defendants. :

## RULING AND ORDER

Plaintiff Allstate Insurance Company brings this action seeking a declaration that it has no duty to defend or indemnify Morris Statlender under Allstate Deluxe Homeowners Policy #0 84 823160 08/05 ("policy") in connection with claims brought against him by Samantha Schannon in Connecticut Superior Court (Case No. NNH CV 16 6059514S)("underlying action"). In the underlying action, Ms. Schannon seeks damages for injuries allegedly resulting from her exposure to toxic mold in an apartment she rented from Mr. Statlender. Pending is Allstate's motion for summary judgment. After considering the parties' submissions, the motion for summary judgment is granted based on the business activities exclusion of the policy.

Allstate has demonstrated that Mr. Statlender's activities in connection with his rental of the apartment to Ms. Schannon fall within the scope of the business activities exclusion as a matter of law. The policy defines business activities subject to the exclusion as "any full or part-time activity of any kind

1

engaged in for economic gain including the use of any part of the premises for such purposes." The exclusion encompasses "any property rented or held for rental by an insured person."

Mr. Statlender argues that the business activities exclusion might not apply to the claims in the underlying action because Ms. Schannon's complaint can be construed to allege that she was injured by exposure to mold on her first visit to the apartment before she became a tenant. By its terms, however, the policy exclusion for business activities applies to "any activity of any kind engaged in for economic gain." Activities engaged in for the purpose of renting the premises, such as inviting Ms. Schannon to tour the premises as a prospective tenant, are activities engaged in for economic gain within the scope of the exclusion.

Mr. Statlender argues that his rental of the property to Ms. Schannon could conceivably fall within an exception to the business activities exclusion. The exception he relies on provides: "Rental of your residence premises is not considered a business when: (1) it is rented occasionally for residential purposes." Mr. Statlender contends that the word "occasionally" is ambiguous and should be construed in his favor to require Allstate to provide him with a defense in the underlying action. But this exception does not apply, regardless of any arguable

ambiguity regarding the term "occasionally," because it is undisputed that Mr. Statlender did not reside at the premises.

Mr. Statlender asserts that he had a reasonable expectation, based on the history of his dealings with an Allstate agent, that the policy would cover any losses. In granting Allstate's motion for summary judgment based on the business activities exclusion of the policy, the Court does not address the merits of Mr. Statlender's claim. The complaint in this case, and Allstate's motion for summary judgment, call for a determination of the rights and responsibilities of the parties under the language of the policy without regard to the history of Mr. Statlender's dealings with the agent. A declaratory judgment action such as this asks for a ruling on the meaning of policy language as a matter of law. Whether Mr. Statlender had a reasonable expectation of coverage, notwithstanding the business activities exclusion and, if so, what his legal rights might be, are matters outside the scope of the complaint and they are not addressed by this ruling.

Accordingly, the motion for summary judgment is granted. The Court declares that the business activities exclusion in the policy applies to the claims in the underlying action.

If the parties seek further assistance from the Court, they may file a request within 14 days. Unless such a request is

received, the Clerk will enter judgment in accordance with this ruling and close the case.

So ordered this 27th day of September 2017.

/s/ RNC
Robert N. Chatigny
United States District Judge
